PER CURIAM:
Claimants brought this action for damage to their vehicle which occurred when claimant Stephen Rich was operating their vehicle on County Route 34, also referred to as Middle Grave Creek Road, in Marshall County, and the top portion of a large tree next to the road fell onto claimants’ vehicle. Respondent was responsible at all times herein for the maintenance of County Route 34 in Marshall County. The Court is of the opinion to deny this claim for the reasons set forth below.
The incident giving rise to this claim occurred on February 2, 2003, at 11:00 a.m. Claimant Esther M. Booth is the mother of Stephen Rich and the titled owner of the vehicle at issue. Stephen Rich was operating Ins mother’sl994 Chevrolet 1500 Pickup Truck. He was traveling east on County Route 34 just outside Moundsville. At this location, County Route 34 is a two-lane, asphalt highway with a yellow centerline and white lines on both edges. Each lane is approximately twelve and one-half feet wide. Mr. Rich described the weather as clear and cold. There was no precipitation at the time of this incident, but there had been a recent snowfall. The road was clear but there was snow remaining on the side of the road. Mr. Rich was traveling east on County Route 34 near Mile Post 4.82, when suddenly the top of a large tree fell onto the vehicle. The passenger side door and the passenger side of the windshield were struck first, receiving a direct impact. As a result of the impact, the windshield was cracked, the passenger side door and window were damaged, and the cab was depressed approximately six inches. Mr. Rich stated that he did not see the treetop falling until immediately before the impact with his vehicle. He testified that the treetop was up too high to have been within his range of vision while looking at the road ahead of him. He stated that in order to have seen the top of the tree at the time it fell, he would have had to have been looking straight up in the air while he was driving. The tree at issue was located on the right side of the road in the direction Mr. Rich was traveling. There is a small but steep embankment *108 followed by a drop-off to a creek on the opposite side of the tree away from the road. The tree was located on the edge of this bank. According to Mr. Rich, the trunk of the tree was located approximately six to eight feet away from the edge of the pavement. He stated that the tree was dead and that is why the top of the tree fell and struck his vehicle. He is not sure who owns the property where the tree was located or if it was on respondent’s right-of-way. Mr. Rich testified that he travels this portion of road almost daily, and that he had traveled the road in the opposite direction earlier in the day on the date of this incident. Claimants submitted an estimate for the damage to the vehicle in the amount of $7,094.22, which indicates that the repairs are more than the value of the vehicle at the time of the incident. Thus, the vehicle was determined to be a total loss. Mr. Rich testified that the market value of the vehicle was approximately $6,000.00 at the time of this incident, but he did not present additional evidence to support this amount. In addition, he testified that he still has the vehicle, and has made repairs to it himself. He stated that he has repaired the cab, replaced the windshield and the rear window, and incurred expenses for paint and various miscellaneous supplies. He was unable to produce the receipts for these expenses, but he estimates that he spent a total of $500.00 in repairing the vehicle to make it safe and legal to drive on the highway. Claimants seek an award of $6,000.00 which they assert is the fair market value of the vehicle.
Claimants assert that respondent knew or should have known that the tree was dead and that by allowing it to stand over or near the highway presented a hazardous condition for the traveling public.
Respondent contends that this free was not on its right-of-way and thus it was not its responsibility. Regardless, respondent also contends that it did not have notice that this free was dead or presented a hazard to the traveling public.
Christopher Minor, Highway Administrator Two for respondent in Marshall County at the time of this incident, is responsible for the maintenance of all highways in Marshall County. He is familiar with this portion of County Route 34 and he is aware of the incident at issue in this claim. He testified that the incident occurred at or near Mile Post 4.82 on County Route 34. Mr. Minor also testified that he spoke to an employee in the respondent’s Right-of-Way Division and, based upon this conversation, he determined that the respondent’s right-of-way at this location is fifteen feet from the center of the road on each side of the road. According to Mr. Minor, each lane is twelve and one-half feet wide, and respondent’s right-of-way extends another two and one-half feet from the edge of the road to the shoulder. Mr. Minor also testified that respondent does not own any property in this area. In addition, Mr. Minor testified that respondent did not have notice of this tree or one similar to it presenting a hazard to the traveling public. However, Mr. Minor testified that he visited the location of this incident to determine whether or not the free was on the respondent’s right-of-way. He testified that he measured the distance between the center of the road and the tree closest to the edge of the road at the location of this incident and determined that the distance was nineteen feet. Thus, according to Mr. Minor’s measurements, all of the trees at this location would be at least four feet from respondent’s right-of way. Further, Mr. Minor testified that respondent has not received any recent complaints regarding the frees along this portion of road. He stated that the last complaint was made in either late 1999 or early 2000 by Tyler Truck Caps, a company that hauls truck caps through this location. The complaint was the overhanging free limbs were damaging its property. As a result of this complaint, respondent’s employees used a “bucket truck” to clear all free limbs located sixteen feet high above the respondent’s right-of-way beginning at the Moundsville city limits and *109 proceeding approximately fourteen miles east. It has one mile of road yet to finish.
It is a well established principle of law that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 81 (W.Va.1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). In cases involving falling trees or tree limbs, the Court has held that respondent is liable for dangerous trees or tree limbs on its property or right-of-ways. Wiles v. Division of Highways, 22 Ct. Cl.170 (1999). The general rule is that if a tree is dead and poses an apparent risk then tire respondent may be held liable. However, where a healthy tree or tree limb falls as a result of a storm and causes damage, the Court has held that there is insufficient evidence upon which to justify an award. Gerritsen v. Dept. of Highways, 16 Ct. Cl. 85 (1986). Further, the Court has held that in some cases the respondent may have a duty to remove dangerous trees or tree limbs that are not on the respondent’s property or right-of-ways, especially where the tree or tree limb is dead. Newkirk v. Division of Highways, 20 Ct. Cl. 18 (1993). The Court has held respondent liable where a tree limb hangs over respondent’s property and presents a hazard. See Morris v. Division of Highways, (CC-00-242, unpublished opinion issued August 16, 2001).
In the present claim, the testimony is unclear as to whether or not the tree from which the top fell was on respondent’s right-of-way. However, the issue is whether this particular tree presented a hazard to the traveling public and whether respondent had notice of this hazard. The Court is of the opinion that respondent did not have notice of this hazardous condition. While the evidence presented by the claimant established that the tree at issue was dead, respondent did not have notice of this particular hazard. Respondent’s last complaint some three years prior was regarding tree limbs overhanging on this road and the area addressed was a mile from the location of claimant’s accident. Respondent, at that time, remedied the problem by using a “bucket truck” to clear all the tree limbs that were hanging over the road. However, in the instant claim, claimants’ truck was struck not by an overhanging limb, but the top of the tree actually fell. This is an entirely different situation, especially since the free causing the problem may not have been with the respondent’s right-of-way. The evidence also indicated that this tree would not have been seen unless specifically brought to the attention of respondent. According to the claimant, it was not within the normal sight range for a driver to have seen it unless the driver was looking straight up in the air. Thus, one of respondent’s drivers would not have noticed this particular tree while driving through this location on a routine inspection. The photographs in evidence depict a heavily wooded area and the Court will not place a burden on respondent with respect to trees along side the State’s highways unless the tree is near the road and is an obvious hazard. While the Court is sympathetic to claimants’ loss, the Court has determined that there is insufficient evidence of negligence upon which to base an award.
In view of tire foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.